JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

5:18-cv-385

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Salvatore E. Taibi

## DEFENDANTS
Borough of Slatington

**(b)** County of Residence of First Listed Plaintiff: Monroe County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lehigh County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/29/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JAN 29 2018

**LS**

UNITED STATES DISTRICT COURT

18    3851

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Salvatore E. Taibi, 3065 Blakeslee Blvd., West Andreas, Monroe County, PA

Address of Defendant: Borough of Slatington, 125 S. Walnut Street, Slatington, PA 18080

Place of Accident, Incident or Transaction: Slatington Township, Lehigh County, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
              Attorney-at-Law            Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

JAN 29 2018

DATE: 01/20/2018   Leticia J. Santiago, Esq   308519
                   Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

LS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SALVATORE E. TAIBI | : | CIVIL ACTION |
| v. | : | 18   385 |
| BOROUGH OF SLATINGTON | : | NO. 2018-C-0074 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 1/29/2018 | Leticia J. Santiago, Esq | Defendant, Borough of Slatington |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-274-1724 | 215-274-1735 | LJSantia@travelers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 29 2018

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SALVATORE E. TAIBI

vs.

BOROUGH OF SLATINGTON

: Case No. **18  385**

## NOTICE TO PLAINTIFF OF THE FILING OF A NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

TO: Donald P. Russo, Esquire
P.O. Box 3098
Easton, PA 18043
*Attorney for Plaintiff*



FILED
JAN 29 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

Please take notice that Defendant, Borough of Slatington, by its attorney, Leticia J. Santiago, Esquire, has filed a Notice in the United States District Court for the Eastern District of Pennsylvania for Removal of an action now pending in the Court of Common Pleas of Lehigh County, Pennsylvania entitled <u>Salvatore Taibi v. Borough of Slatington</u>, No. 2018-C-0074.

**WILLIAM J. FERREN & ASSOCIATES**

By:_____
Leticia J. Santiago, Esquire
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
Attorney Id No.: 308519
(215) 274-1724
ljsantia@travelers.com

Dated: January 29, 2018

#400

LS

## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALVATORE E. TAIBI | : |
| | : |
| vs. | : Case No. 18  385 |
| | : |
| BOROUGH OF SLATINGTON | : |

### NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Borough of Slatington (hereinafter "Defendant Borough"), files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Lehigh County, the jurisdiction in which it is now pending, to the United States District Court for Eastern District of Pennsylvania pursuant to 28 U.S.C. §1441, and in support thereof avers as follows:

1. This action was commenced on January 8, 2018, by the filing of the Complaint. Attached hereto as Exhibit "A" is a copy of Plaintiff's Complaint that has been filed in this case.

2. The Complaint was served upon Defendant Borough on January 11, 2018.

3. The Complaint alleges that Defendant Borough violated Plaintiff's constitutional rights under the Rehabilitation Act, 29 U.S.C. Section 7494.

4. More specifically, Plaintiff alleges that he is a Sergeant, employed by Defendant Borough, injured in the line of duty on July 20, 2012. Exhibit "A", ¶¶4-7.

5. Since that time, he has been out of work on Heart and Lung disability leave. Exhibit "A", ¶9.

6. Plaintiff asserts that the nature of his disability covers him under the Federal Rehabilitation Act. Exhibit "A", ¶12.

7. In Count 1 of the Complaint, Plaintiff asserts various allegations including that he should be able to rehabilitate himself, that Defendant Borough has willfully and intentionally violated federal disability laws and regulations, and that the actions of the Defendant Borough indicate that Defendant Borough is attempting to get him terminated. Exhibit "A", ¶¶19-44.

8. Defendant Borough is a governmental entity.

9. This action is within the original jurisdiction of this Court, and this suit is founded on a claim of right arising under the Constitution, treatises or laws of the United States.

10. This notice is timely, pursuant to 28 U.S.C. §1446(b), having been filed within thirty (30) days of service of the Complaint, thereby allowing Defendant Borough to remove pursuant to 28 U.S.C. §1331 on the basis of Federal question jurisdiction.

WHEREFORE, Defendant Borough of Slatington respectfully requests that this action be removed from the Court of the Common Pleas of Lehigh County, Commonwealth of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

                                                Respectfully submitted,
                                                **WILLIAM J. FERREN & ASSOCIATES**

                                                By:_____
                                                      Leticia J. Santiago, Esquire

Dated: January 29, 2018

## VERIFICATION

I, Leticia J. Santiago, Esquire, state that the facts in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief. This Verification is made with knowledge of the penalties contained in 18 Pa. C.S.A. §4904, relating to unsworn verification to authorities.

By: _____
Leticia J. Santiago, Esquire

Dated: January 29, 2018

LS

# UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

SALVATORE E. TAIBI  :
 :
vs.  : Case No. __18___385__
 :
BOROUGH OF SLATINGTON  :

## CERTIFICATE OF SERVICE

I, Leticia J. Santiago, Esquire, hereby certify that I have served upon all persons listed below a true and correct copy of Notice of Removal in the above-captioned matter this date by First-Class Mail, postage prepaid:

FILED
JAN 29 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

Donald P. Russo, Esquire
P.O. Box 3098
Easton, PA 18043
*Attorney for Plaintiff*

WILLIAM J. FERREN & ASSOCIATES

By:_____
Leticia J. Santiago, Esquire
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
Attorney Id No.: 308519
(215) 274-1724
ljsantia@travelers.com
Attorney for Defendant,
Borough of Slatington

Dated: January 29, 2018

LS

# UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

SALVATORE E. TAIBI  :
: Case No. **18  385**
vs.  :
:
BOROUGH OF SLATINGTON  :

## PRAECIPE FOR TRANSFER

TO THE COURT:

Kindly transfer this case from the Court of Common Pleas of Lehigh County at No. 2018-C-0074 to the United States District Court for the Eastern District of Pennsylvania.

**WILLIAM J. FERREN & ASSOCIATES**

By: _____
Leticia J. Santiago, Esquire
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
Attorney Id No.: 308519
(215) 274-1724
ljsantia@travelers.com
Attorney for Defendant,
Borough of Slatington

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL DIVISION

SALVATORE E. TAIBI,

        Plaintiff

      v.

BOROUGH OF SLATINGTON,

        Defendant

No. 2018-C-0074

FILED 2018 JAN -8 P 2:06 CLERK OF COURTS LEHIGH COUNTY, PA

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS PLEADING AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Pennsylvania Bar Association
Law Referral Service
100 South Street
P.O. Box 186
Harrisburg, Pennsylvania 17108



EXHIBIT A

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL DIVISION

SALVATORE E. TAIBI,

        Plaintiff

v.

BOROUGH OF SLATINGTON,

        Defendant

No. 2017-C-0074

FILED 2018 JAN -8 P 2:06 CLERK OF COURTS LEHIGH COUNTY, PA

## COMPLAINT

1. Plaintiff is Salvatore E. Taibi, an adult individual who resides at 3065 Blakeslee Boulevard, West Andreas, Monroe County, Pennsylvania.

2. Defendant is Borough of Slatington, a borough organized and operating under the laws of the Commonwealth of Pennsylvania, located at Borough of Slatington, 125 S. Walnut Street, Slatington, Pa. 18080.

3. The Plaintiff began his employment with the Defendant, beginning in 1991.

4. The Plaintiff is employed as a Police Officer for the Defendant.

5. The Plaintiff is qualified for the position he holds with the Defendant.

6. The Plaintiff currently holds the title of Sergeant.

7. On July 20, 2012, the Plaintiff was injured in the line of duty while employed by the Defendant.

8. On the aforementioned date, the Plaintiff fell off a porch, sustaining a torn meniscus and bruised ribs and hurting his lower back

9. As a result of his on the job injury, the Plaintiff is currently out on Heart and Lung disability leave, pursuant to the Heart and Lung Act of June 28, 1935, P.L. No, 477, Section 1 et seq., 53 P.S. Section 637 et seq.

10. The Plaintiff and his Heart and Lung attorney, James Conaboy, were called into a meeting in early August, 2017, attended by Defendant's Township Manager Judith Danko, and the Borough Solicitor.

11. During the aforementioned meeting, it was strongly implied to the Plaintiff that consideration was being given by the Defendant to terminating the Plaintiff's employment.

12. Given the nature of the Plaintiff's disability, he is covered under the Federal Rehabilitation Act.

13. The Plaintiff has not been provided with the interactive process discussions required under federal regulations and he has not been offered light duty options.

14. The Plaintiff previously was required to submit to an independent medical examination, and, on September 28, 2017, was required to undergo a second IME with Dr. Walter Finnegan.

15. The Defendant has unlawfully judged, and regarded the Plaintiff as a disabled person who cannot perform his any of his duties as a police officer.

16. The Defendant continues to utilize the Plaintiff's health issues as a justification for refusing to provide steps for the Plaintiff to return to light duty, contrary to the Rehabilitation Act procedures and protections.

17. The Defendant has in effect, through the use of discriminatory, prejudicial and unjustified arguments, improperly used the Plaintiff's health issues to avoid reinstating to light duty an officer who deserves to be reinstated, if only to a light duty position or to a position that the Plaintiff can perform within his restrictions.

18. The Plaintiff has been unlawfully regarded by the Defendant as being totally disabled, even though the Defendant has no justification for regarding him as such.

## COUNT 1

VIOLATION OF SECTION 504 OF THE REHABILITATION ACT, 29 UNITED STATES CODE SECTION 794

19. The Plaintiff incorporates by reference hereto paragraphs 1 through 18 as if set forth at length.

20. Pursuant to the Rehabilitation Act, the Plaintiff should be permitted to take certain steps to rehabilitate himself from his current health maladies, so as to enable the Plaintiff to continue as an employee protected under the scope of said statutes.

21. As a result, the rehabilitative process and a career in law enforcement might be discriminatorily severed without the Plaintiff's right to finally return to light-duty.

22. The Plaintiff believes and avers that the Defendant has sent him for two Independent Medical Examinations in an attempt to justify having the Plaintiff declared unfit for any duties.

23. The Plaintiff believes and therefore avers that the Defendant has willfully and intentionally violated federal disability laws and regulations.

24. The Plaintiff clearly has a record of disability, and the actions of the Defendant reveal that the Defendant was well aware of health maladies of the Plaintiff, as evidenced by medical documentation submitted to the Defendant by the Plaintiff.

25. The Plaintiff believes that he is regarded by the Defendant as having a disability.

26. The Plaintiff believes that the actions of the Defendant indicate that the Defendant is attempting to get him terminated, based upon the fact that he has certain serious health issues that require an interactive process and accommodations.

27. The Plaintiff believes and avers that his medical conditions are disabilities within the meaning set forth in the Rehabilitation Act.

28. Under the circumstances set forth above, the Plaintiff began receiving threats of the imminent demise of his employment, based upon the fact that he merely had to remain out of work on Heart and Lung Act leave.

29. Plaintiff believes, and therefore avers, that he suffers from a medical condition that substantially limits one or more of his major life activities, Plaintiff has a record of such impairment, and the Defendant regarded the Plaintiff as having such an impairment.

30. Plaintiff's disabilities were impacting major life activities as defined under the Rehabilitation Act, including but not limited to, walking; and working.

31. Plaintiff believes, and therefore avers, that she could perform the essential functions of his job with the Defendant, with a reasonable accommodation.

32. The Plaintiff believes, and therefore avers, that the reasonable accommodation he would have expected from the Defendant would not have constituted any significant hardship to the Defendant.

33. The Plaintiff believes, and therefore avers, that the Defendant refused to grant the Plaintiff a reasonable accommodation as set forth within the federal regulations, i.e. by the Defendant's refusal to provide Plaintiff with appropriate accommodations set forth hereinabove.

34. The Plaintiff believes, and therefore avers, that as a result of the Defendant's actions in barring his reinstatement to light duty, he has and will continue to incur serious harm and damage, including, continuing emotional distress, embarrassment, humiliation, loss of reputation, loss of self-esteem, and inability to work as a police officer.

35. The Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's illegal conduct.

36. The Plaintiff believes, and therefore avers, that he is entitled to reinstatement to light duty, as well as monetary damages as a result of the individual Defendant's discriminatory behavior in causing him to be barred from working as a police officer.

37. By reason of the malicious, wanting and willful conduct of the Defendant, the Plaintiff demands reinstatement to light duty, reimbursement of back pay and lost benefits, as well as emotional distress and compensatory damages.

38. Plaintiff believes, and therefore avers, that the Defendant has discriminated against him because of his disability, as set forth hereinabove.

39. Plaintiff believes, and therefore avers, that the Defendant to this very day continues to regard him as being disabled.

40. As a result of the Defendant's illegal conduct, the Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's conduct.

41. By reasons of the outrageous conduct of the Defendant, Plaintiff demands compensatory damages.

42. The Plaintiff believes and therefore avers that the Defendant has willfully and intentionally violated federal disability laws and regulations.

43. The Plaintiff believes, and therefore avers, that as a result of the Defendant's actions, he has and will continue to incur serious harm and damage, including, continuing emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

44. The Plaintiff believes, and therefore avers, that he is entitled to emotional distress damages as a result of the individual Defendant's retaliatory conduct and discriminatory behavior in causing him to be unlawfully barred from returning to light duty.

WHEREFORE, Plaintiff respectfully invokes the remedial powers of this Court as provided in the Rehabilitation Act, and prays for the following:

a. The Defendant be permanently enjoined from discriminating against the Plaintiff on any basis forbidden by the Rehabilitation Act;

b. The Defendant be ordered to compensation, reimburse, and make whole the Plaintiff for all benefits the Plaintiff would have received had it not been for the Defendant's illegal actions including, but not limited to: pay, benefits, training, promotions, seniority, and bonuses. Plaintiff should be afforded said benefits illegally withheld from the date the Plaintiff should have been returned to light duty.

c. Damages to the Plaintiff to compensate Plaintiff for loss of opportunity, pain, suffering, or other damage duly proved to have been suffered by Plaintiff because of Defendant's unlawful conduct;

d. The cost of this action and a reasonable attorney's fee paid to Plaintiff;

e. Any other relief, equitable or legal, appropriate to remedy the illegal treatment of the Plaintiff by the Defendant;

f. The Plaintiff demands a trial by jury.

Respectfully submitted,

*/s/ Donald P. Russo*

DONALD P. RUSSO, ESQ.
Attorney for Plaintiff
PO Box 3098
Easton, PA 18043
(610) 954-8093
Attorney ID #25873

## VERIFICATION

I, Salvatore Taibi, being duly sworn according to law, depose and say that the facts set forth in the within Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements contained herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authority.

Date: 12-28-17

_____
SALVATORE TAIBI

**WILLIAM J. FERREN & ASSOCIATES**
ATTORNEYS AT LAW

| MAILING ADDRESS: | PHYSICAL ADDRESS: |
|---|---|
| PO Box 2903 | 10 SENTRY PARKWAY |
| HARTFORD, CT 06104-2903 | SUITE 301 |
| | BLUE BELL, PA 19422 |

TELEPHONE (215) 274-1700
FACSIMILE (215)-274-1735

*Leticia J. Santiago - Attorney At Law*
*Direct Dial (215) 274-1724*
*Email: ljsantia@travelers.com*

January 29, 2018

**Via Federal Express**

Clerk's Office
United States District Court for
 the Eastern District of PA
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

   **Re: Salvatore E. Taibi v. Borough of Slatington**
     **CCP Lehigh County, PA, No.: 2018-C-0074**
     **D/L: 8/1/2017**
     **Claim No.: E7C8853**

Dear Sir/Madam:

  Enclosed please find an original Notice of Removal, CD and two copies, regarding the above referenced matter. Kindly file the original with the Court, certify a copy for Philadelphia County and return a copy to my office, in the enclosed, self-addressed stamped envelope. Also enclosed is a check in the amount of $400.00, your fee for filing.

  Thank you.

                 Very truly yours,

                 */s/ Leticia J. Santiago*

                 LETICIA J. SANTIAGO

LJS/cs
Enclosures

cc: Donald P. Russo, Esquire (w/encl.)
   Tania A. Wargo, C/R
   Borough of Slatington

Not a Partnership or Professional Corporation
All Attorneys are Employees of The Travelers Indemnity Company
and its Property Casualty Affiliates and Subsidiaries